UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COURT FILE NO: CV-

| | | |
|---|---|---|
| SEAN BABICKI, an individual | ) | |
| Plaintiff | ) | |
| v. | ) | **COMPLAINT** |
| FORSTER AND GARBUS | ) | |
| and | ) | **JURY TRIAL DEMANDED** |
| JAMES WEST | ) | |
| and | ) | |
| MARK LEWIS | ) | |
| and | ) | |
| ABBY DOE | ) | |
| Defendants | ) | |

**COMPLAINT**

**I.  PRELIMINARY STATEMENT**

1.  This action arises out of illegal acts and omissions of the above-named defendants, who used false, deceptive, misleading, unfair, abusive, and oppressive practices and means in conjunction with attempts to collect an alleged debt or debts and thereby violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §§ 2270.1-2270.6 ("FCEUA"), and Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 to 201-9.3 ("UTPCPL"). Plaintiff seeks actual damages, statutory damages, treble damages, costs, and attorney's fees.

**II.  JURISDICTION AND VENUE**

2.  Jurisdiction of this Court arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq* (hereinafter "FDCPA"), Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa.C.S. 2270.1 *et seq* (hereinafter "FCEUA") and Pennsylvania

Unfair Trade Consumer Protection Law, 72 Pa.C.S 201-1, *et seq* (hereinafter "UTCPL"), which prohibit debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

3.     Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides within this district.

### III. PARTIES

4.     Plaintiff, Sean Babicki ("Plaintiff"), is a natural person who resides at 410 Fairview Road, Woodlyn, Pennsylvania 19094. Because Plaintiff was allegedly obligated to pay a debt that is the subject of this case that was primarily for family, personal or household purposes, namely, a student loan, therefore, he was a consumer within the meaning of FDCPA, 15 U.S.C. § 1692a(3) and FCEUA, 73 P.S. § 2270.3.

5.     Defendant Forster and Garbus ("Forster"), is upon information and belief, a New York company located at 500 Bi-County Boulevard, Suite 300, Farmingdale, New York 11735, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     At all times relevant to this Complaint, Defendant Forster is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and FCEUA 73 P.S. § 2270.3.

7.     Defendant, James West ("West"), is, upon information and belief, an owner, manager, officer, partner, shareholder, authorized representative, employee, agent and/or workman of Forster and, acting within the course and scope of his employment and/or business relationship with Forster and, at all relevant times herein, is located at or through Forster's office address at 500 Bi-County Boulevard, Suite 300, Farmingdale, New York 11735.

8.     At all times relevant to this Complaint, Defendant West is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and FCEUA 73 P.S. § 2270.3.

9.     Defendant, Mark Lewis ("Lewis"), is, upon information and belief, an owner, manager, officer, partner, shareholder, authorized representative, employee, agent and/or workman of

Forster and, acting within the course and scope of her employment and/or business relationship with Forster and, at all relevant times herein, is located at or through Forster's office address at 500 Bi-County Boulevard, Suite 300, Farmingdale, New York 11735.

10. At all times relevant to this Complaint, Defendant Lewis is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and FCEUA 73 P.S. § 2270.3.

11. Defendant, Abby Doe ("Abby"), is, upon information and belief, an owner, manager, officer, partner, shareholder, authorized representative, employee, agent and/or workman of Forster and, acting within the course and scope of her employment and/or business relationship with Forster and, at all relevant times herein, is located at or through Forster's office address at 500 Bi-County Boulevard, Suite 300, Farmingdale, New York 11735.

12. At all times relevant to this Complaint, Defendant Abbyl is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and FCEUA 73 P.S. § 2270.3.

13. At all times material and relevant hereto, Defendants are jointly, severally, individually, vicariously and/or equitably liable to Plaintiff.

14. Defendants, at all times relevant hereto, were persons who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts. Based on said activity or activities, Defendants were debt collectors within the meaning of FDCPA, 15 U.S.C. § 1692a (6), and FCEUA, 73 P.S. § 2270.3.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff allegedly incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

16. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff. The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

*Defendant James West's telephone calls to Plaintiff*

17. On or about June 2, 2009, Plaintiff received a telephone call from an individual, who identified himself as James West, a representative of Forster.

18. Plaintiff spoke with West, who discussed the alleged debt and asked Plaintiff if he would agree to a payment plan.

19. When Plaintiff asked West what would happen if the alleged debt was unable to be resolved through a payment plan or otherwise paid, West informed Plaintiff that if he was unable to pay the debt or enter into a payment plan that "they" (Defendants) would sue Plaintiff and garnish his wages.

20. Defendants never followed through on the suit.

*Defendant Mark Lewis' telephone calls to Plaintiff*

21. On or about July 22, 2009, an individual who identified himself as Mark Lewis, spoke with Plaintiff by telephone.

22. Plaintiff and Lewis discussed a payment plan and Plaintiff indicated that he could not afford to a payment plan.

24. Lewis informed Plaintiff that legal action would be taken against Plaintiff.

25. When Plaintiff asked what type of legal action would be taken, Lewis said it was up to the lawyers.

*Defendant Abby's telephone calls to Plaintiff*

26. In early or mid-October, 2009, Plaintiff received a telephone call and spoke with a woman who identified herself as "Miss Abby."

27. Miss Abby told Plaintiff that she was calling regarding the Sears account and gave Plaintiff the FDCPA "Mini-Mirandas".

28.     Abby told Plaintiff that if he could not pay the alleged debt, that legal action would be taken against him.

29.     Despite Defendants' threats of filing suit and taking legal action against Plaintiff, none of the Defendants are licensed to practice law in the Commonwealth of Pennsylvania, nor was any further legal action taken against Plaintiff including but not limited to the filing of a lawsuit against Plaintiff..

## V. TRIAL BY JURY

30.     Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. P. 38.

## COUNT I
## VIOLATIONS OF THE FDCPA
## 15 U.S.C. section 1692, et seq.

31.     Plaintiff incorporates his allegations of paragraphs 1 through 30 as though set forth at length herein.

32.     Defendant's violations of FDCPA include but are limited to, the following:

(a)     Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, and/or abuse Plaintiff in connection with the collection of a debt.

(b)     Defendant violated 15 U.S.C. § 1692e by using false, deceptive, and/or misleading representations and/or means in connection with the collection of a debt.

(d)     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and/or legal status of a debt.

(e)     Defendant violated 15 U.S.C. § 1692e(4) by implying that nonpayment of a debt would result in the arrest, imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(f)     Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action that could not be taken or that was not intended to be taken in connection with the collection of a debt.

(g) Defendant violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt.

(h) Defendant violated 15 U.S.C. § 1692f by using unfair practices and/or means to collect or attempt to collect a debt.

33. As a result of the Defendants' illegal collection efforts, Plaintiff has suffered and is entitled to damages in the form of actual damages, compensatory damages, statutory damages and attorney's fees, costs and expenses.

34. Plaintiff has suffered actual damages as a result of the Defendants illegal collection efforts and communications in the form of anger, anxiety, and frustration and sleeplessness.

35. As a result of the foregoing violations of the FDCPA, Defendants are individually, jointly, vicariously and severally liable to Plaintiff for actual damages, compensatory damages, statutory damages, attorney 's fees and costs in accordance with 15 U.S.C. § 1692k.

36. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including but not limited to each and everyone of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

## COUNT II - VIOLATIONS OF FCEUA

37. Plaintiff incorporates his allegations of paragraphs 1 through 36 as though set forth at length herein.

38. Defendant violated FCEUA, 73 P.S. § 2270.4(a), because any violation of FDCPA by a debt collector, as set forth above, constitutes an unfair or deceptive debt collection act or practice under FCEUA.

## COUNT III - VIOLATIONS OF UTPCPL

39. Plaintiff incorporates his allegations of paragraphs 1 through 38 as though set forth at length herein.

40. Defendants violated UTPCPL, because, pursuant to FCEUA, 73 P.S. § 2270.5(a), any unfair or deceptive debt collection act or practice under FCEYA by a debt collector or credit, as set forth above, constitutes a violation of UTPCPL.

41. Other unfair or deceptive acts or practices defined as such in 73 P.S. §201-2(4) committed by Defendant include, but are not limited to, the following:

42, Defendant engaged in fraudulent or deceptive conduct which would create the likelihood of confusion or of misunderstanding.

43. Pursuant to UTPCPL, 73 P.S. § 201-3, such acts and practices are unlawful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants as follows:

(a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and 73 P.S. §§ 201-9.2(a) and 2270.5(a).

(b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) and 73 P.S. §§ 201-9.2(a) and 2270.5(a).

(c) Treble damages pursuant to 73 P.S. §§ 201-9.2(a) and 2270.5(a)

(d) Costs of this action together with a reasonable attorney's fee, pursuant to 15 U.S.C. § 1692k(a)(3) and 73 P.S. §§ 201-9.2(a) and 2270.5(a).

(e) Declaratory judgment that the Defendants' conduct violated the FDCPA, UTCPL and/or the FCEU.

(f) Such other and further relief as may be just and proper.

DATED:

s/ Michael P. Forbes
Michael P. Forbes (PA ID No. 55767)
200 Eagle Road
Suite 220
Wayne, PA 19087
Telephone: (610) 293-9399

Facsimile: (610) 293-9388

*Attorney for Plaintiff, Sean Babicki*